Arthur R. Klemm, Gertrude K. Hall and Elsie Klemm Brakmann v. Special Road and Bridge District No. 9 of Lake County, and W. H. Richey, as Chairman of the Board of County Commissioners of Lake County, Suggestor; Arthur R. Klemm, Gertrude K. Hall and Elsie Klemm Brakmann v. Special Road and Bridge District No. 10 of Lake County, and W. H. Richey, as Chairman of the Board of County Commissioners of Lake County, Suggestor.

190 So. 594
Division B
Opinion Filed July 18, 1939

*Touchton & Crittenden,* for Plaintiffs in Error;

*J. W. Hunter,* for Defendants in Error.

Per Curiam.—The cases entitled in the caption were consolidated by order of this Court. The plaintiffs in error brought an action at law against special Road and Bridge

District Number 9 of Lake County to recover a judgment on certain bonds held by the plaintiffs and issued on behalf of the district by the Board of County Commissioners.

A similar action was brought by the same plaintiffs against special Road and Bridge District Number 10 of Lake County for a similar purpose. Special Road and Bridge District Number 9 was created by Chapter 10801, Acts of 1925. The issues in the two cases are identical and the Acts creating the two defendants are identical except as to the boundaries of the district. The two cases are treated as one in this Court.

To the declaration in each case, W. H. Richey for the defendants filed a plea in bar which he denominated a "suggestion," proffering the defense that special road and bridge districts nine and ten were not legal entities because they had not been authorized by the Legislature to sue or be sued in their own right, that for this purpose they have no legal status, that no action can be maintained against them, and that any judgment entered against them would be a nullity without force and effect. The Trial Court treated the "suggestion" as a moton to dismiss and dismissed both causes. Final judgment was entered for the defendants, and writ of error was prosecuted to this Court.

Plaintiffs in error argue seven questions, but the only question necessary to be answered is whether or not special road and bridge districts nine and ten of Lake County are legal entities with capacity to sue and be sued in an action of this kind.

Defendants in error contend that this question should be answered in the negative because the statutes creating the districts do not in terms provide that they may sue or be sued in this kind of an action; consequently, there is no legal entity before the Court, and being so, any judgment against them would be void and unenforceable.

The validity of the bonds of which the actions are brought is not challenged. Neither is the validity of the Act creating the districts drawn in question, the only contention is that said Acts did not create any entity capable of being sued. The Court below apparently took the position that under the terms of the Acts creating the districts, if any liability existed, the county rather than the district was liable.

The declarations both recited that the plaintiffs were joint owners of five bonds of one thousand dollars each, describing them in detail. They also allege that they were in default, and although repeated demands had been made by plaintiffs for payment of said bonds, including accrued interest, the County of Lake on behalf of said districts had failed, and refused to do so. It is further alleged that the bonds were duly and regularly issued by the County of Lake for the districts, and that they were validated by decree of the Circuit Court.

Chapter 10801 and Chapter 10808, Acts of 1925, create, establish, constitute and define the boundaries of Special Tax Road and Bridge Districts 9 and 10. Each Act provides that the Board of County Commissioners of Lake County shall be the governing body of the district, and is authorized to "build, construct, reconstruct and improve" roads and bridges in the district. The said Board of County Commissioners is also authorized to issue, sell and deliver bonds in a specified aggregate amount for the districts, to create a sinking fund for the payment of the principal and interest of said bonds, and to assess, and collect annually a special tax on all taxable property in the district, to be paid into the sinking fund.

Each Act further provides that when not otherwise provided, the C. G. L. of 1927, relative to issuance, sale and delivery of bonds in behalf of Special Tax Road and Bridge districts shall apply, except that no election shall be called or

held to authorize the issuance of the bonds therein provided, that nothing in Chapter 10801 or 10808, Acts of 1925, shall be construed as limiting or abridging the duties and the powers of the Board of County Commissioners of Lake County conferred on them by general law with reference to special road and bridge districts, and that to execute the purpose of said Acts, the board of county commissioners may exercise all the authority provided by them, including the right of eminent domain in any part of county or towns through which the roads in said districts may run.

While Chapters 10801 and 10808 do not in terms create the districts' bodies corporate with the power to sue and be sued, each Act does provide that the district "is hereby created, established, constituted and declared to. be a special road and bridge district." The Acts further make applicable the provisions of the general law relative to special road and bridge districts. Section 2677, C. G. L. of 1927, is pertinent to this point and is as follows:

"The trustees of any special tax road district shall be a corporation, and may hold property, sue and be sued, and perform other corporate functions: Provided, that no debt shall be created without the approval of the board of county commissioners."

Because of the definite creation of the districts with the board of county commissioners as their governing authority or trustees and the broad powers vested in them for the districts, there is necesarily implied the power to sue and be sued, in their own name but conceding for the sake of argument that such power is not present under the terms of the Acts making the law as quoted applicable, it must be conceded that the power is conferred.

It follows that both districts are lawful entities with power to sue and be sued, and that they rather than the counties

are liable on the bonds brought in question. The judgment below in each case is therefore reversed.

Reversed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.